## HICKS v. DE BARDELEBEN COAL CORPORATION.
### Civ. A. No. 1609.

United States District Court
E. D. Louisiana. New Orleans Division.
June 20, 1950.

5. Mottolese v. Kaufman, supra.

Victor Blackwell, Covington, for plaintiff.

Richard B. Montgomery, Jr., New Orleans, La., for defendant.

CHRISTENBERRY, Chief Judge.

This matter is before the Court on the motion of plaintiff, Percy F. Hicks, through his counsel of record, filed on March 28, 1950, for an order requiring the Court Reporter and/or the Clerk of Court immediately to prepare the transcript in this cause, and to file same with the Clerk of the United States Circuit Court of Appeals for the Fifth Circuit, without the prepayment of any costs or fees by the plaintiff.

Plaintiff filed this suit as a seaman, seeking in a first cause of action to recover, under the Jones Act, 46 U.S.C.A. § 688, for alleged injuries, and in a second cause of action maintenance and cure. The case was tried to a jury, which found on the first cause of action in favor of the defendant, and on the second in favor of plaintiff in the sum of $1,500.00. Judgment in accordance with the jury's verdict was entered on January 26, 1949. On February 24, 1949, plaintiff filed his notice of appeal to the United States Circuit Court of Appeal for the Fifth Circuit, and subsequently, on his motion, obtained an order granting him an extension of time to May 16, 1949, to file the transcript. This is the only extension he has applied for or obtained.

On March 12, 1949, plaintiff filed his designation of record, which designation includes, among other things, "All stenographic record of testimony in question and answer form, taken in connection with the trial".

On September 22, 1949, defendant filed a motion reciting that the time for plaintiff to appeal from the judgment entered on January 26, 1949, had expired; that mover had tendered to plaintiff the amount of $1,500.00 awarded him for maintenance and cure, which amount plaintiff had refused to accept, and that it desired to be permitted to deposit the sum in the registry of the Court, and to be dismissed from any and all liability as a result of the said judgment. The motion was granted and the amount deposited by defendant.

On January 26, 1950, on motion of plaintiff, the Court entered an order allowing the plaintiff's counsel to withdraw from the case, and allowing the substitution of new counsel. In this motion, plaintiff and his new counsel recognize and acknowledge that his former counsel has an interest of $600.00 in the judgment obtained, which they agree to pay out of any funds obtained by the plaintiff, and which original counsel agrees to accept in settlement of his fee.

No further action was taken in the matter until March 28, 1950, when plaintiff filed this motion reciting that the transcript of the record was never completed by the court reporter because plaintiff was unable to advance the sum of $180.00 to pay for such transcript; that it was error for the court reporter and/or the clerk of court to refuse to make up or have made up the transcript without prepayment of the costs by plaintiff; that it was error for the Court to refuse to permit the making up and filing of the transcript without plaintiff's depositing sufficient funds to pay for same; and that under Section 1916, 28 U.S.C.A., plaintiff is entitled to prosecute his appeal without prepaying fees or costs.

The question of whether the transcript should be furnished without prepayment of costs was brought to the Court's attention by the official court reporter informally, at about the time the designation of record was filed. The Court, treating the suit as though filed in forma pauperis, and believing that the appeal was without any merit, informed the reporter that the Court would not order the furnishing of the transcript. This information was conveyed to plaintiff's counsel and the transcript was never furnished.

In refusing plaintiff's request, this Court probably erred. Section 1916, 28 U.S.C.A., provides that seamen may institute and prosecute suits and appeals for wages, salvage or the enforcement of laws enacted for their health or safety, without prepaying fees or costs, or furnishing security therefor. No provision is made for certificates by trial or circuit judges as is

made with respect to proceedings in forma pauperis by Sections 753(f) and 1915(a), Title 28, U.S.C., 28 U.S.C.A. §§ 753(f), 1915(a). However, pretermitting the question of whether this Court erred in its refusal, the fact remains that at the time instant motion was filed this case had long since been out of its hands. As has been stated, the notice of appeal was filed on February 24, 1949. Under Rule 73(g) of the Federal Rules of Civil Procedure, 28 U.S.C.A., it was incumbent upon plaintiff to file the record and have it docketed in the Court of Appeals within forty (40) days from the filing of the notice of appeal, unless the time were enlarged. The most additional time that this Court could have granted was fifty days, or until May 20, 1949. Since that date this Court has been without power to issue the order here sought by plaintiff.

Accordingly, the motion must be, and is, denied.